IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 23 2011

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY | PLAINTIFF |
| vs.   Case No.:  11-4045 | |
| PATSY J. BOOKER and BETTY MAY | DEFENDANTS |

### COMPLAINT FOR INTERPLEADER AND OTHER RELIEF

Plaintiff, CONNECTICUT GENERAL LIFE INSURANCE COMPANY ("CGLIC"), brings this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, and the Employee Retirmeent Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to obtain adjudication of competing claims to life insurance proceeds that CGLIC is holding in connection with an employee welfare benefit plan sponsored by Weyerhaeuser Company ("Weyerhaeuser"), the former employer of the decedent, Leonard May (the "Decedent"). CGLIC requests that it be allowed to deposit with the Court the proceeds, $20,000.00, and that the adverse claimants be allowed to litigate the issue of who is the rightful owner of the proceeds.

### PARTIES

1. CGLIC is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. Patsy J. Booker is a citizen of the State of Arkansas. She is a resident of Texarkana, Arkansas, which is within the territoritral limits of the Western District of Arkansas. Booker is the former spouse of the Decedent.

1

3.  Betty May is a citizen of the State of Arkansas. She is a resident of Murfreesboro, Arkanas, which is within the territorital limits of the Western District of Arkansas. On information and belief, May is the surviving spouse of the Decedent and was married to him at the time of his death.

## JURISDICTION

4.  This Court has subject matter jurisdiction over this case pursuant to Fed. R. Civ. P 22, by virtue of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(3), because the life insurance proceeds are payable under an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1001(2).

## VENUE

5.  Venue is proper in this District because both defendants reside in this District. 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

6.  Weyeyhaeuser established a benefit plan ("the Plan") that provided life insurance coverage to designated classes of its employees. Certain life insurance benefits under the plan were funded by a group policy (the "Policy") that was originally underwritted by The Equitable Life Assurance Society of the United States ("Equitable"). Prior to the events involved in this action, CGLIC assumed all of Equitable's rights and obligations under the Policy. (A copy of the certificate of insurance for the Policy is attached hereto as Exhibit A.) The Decedent was employed by Weyerhaeuser and received coverage under the Policy and the Plan.

7.  Under the heading "Beneficiary," the Policy states:

> The beneficiary for your insurance for loss of life will be the person(s) named by you as shown on the records kept on the Group Policy. You may change your beneficiary at any time by giving written notice to the Equitable. The change will take effect on entry in those records.

130100066v1 0923153 51096

8. The Decedent died on October 9, 2010. As a result of his death, benefits in the principal amount of $20,000 ("the Proceeds") became payable under the Policy.

9. The beneficiary designation that CGLIC had on file for the Decedent at the time of his death was dated dated September 30, 1992 and named his beneficiary as "Patsy J. May," who was identified as his spouse and who is now known as Patsy J. Booker. (A copy of the designation is attached as Exhibit B.)

10. Accoridng to a decree of divorce provided to CGLIC, the Circuit Court of Hempstead County, Arkanasas entered an order dated October 1, 2003 that terminated the marriage between Decedent and Booker. (The divorce decree is attached as Exhibit C.)

11. Sometime thereafter, the Decedent married defendant May, who was his wife at the time of his death.

12. On December 21, 2010, Booker, the former spouse, submitted a claim to the Proceeds under the Policy. (The claim form submitted by Booker is attached as Exhibit D.).

13. May, the surviving spouse, submitted a competing claim to the Proceeds. May contended that the Decedent had named her as the beneficiary in a beneficiary form provided to Aetna Life Insurance Company ("Aetna").

14. LINA obtained a copy of the beneficiary form from Aetna. (The Aetna form is attached as Exhibit E.) The title of the form was "Aetna Life Insurance Company Supplemental Life Insurance Beneficiary Designation." The form referred to Goup Policy Number 725112 and stated that it "ONLY applies to beneficiaries for your: Voluntary Group Life Insurance." The form was dated October 2, 2004 and named "Betty R. May" as the Decedent's beneficiary.

15. On January 4, 2011, CGLIC denied May's claim because the most recent beneficiary designation that CGLIC had on file named Booker, the Decedent's former spouse, as

130100066v1 0923153 51096

the beneficiary. CGLIC's letter stated that the Aetna beneficiary form only applied to supplemental life insurance provided by Aetna, and that the Policy underwritten by CGLIC afforded basic life insurance. (A copy of the letter is attached as Exhibit F.)

16. On February 14, 2011, May, through counsel, appealed the denial of her claim. (The appeal letter is attached as Exhibit G.)

17. Because Booker and May have asserted competing claims to the Proceeds under the Policy, CGLIC is at risk of being subjected to multiple liability. CGLIC respectfully requests that the Court grant it leave to deposit the Proceeds with the Court, and allow the competing claimants to litigate who is the rightful owner of the Proceeds.

WHEREFORE, plaintiff, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, requests the following relief:

   a. That plaintiff be permitted to deposit with the Clerk of this Court the amount of plaintiff's admitted liability of $20,000, and that the Clerk be ordered to promptly and properly invest said funds so that interest may accrue for the benefits of defendants;

   b. That each defendant be enjoined, pursuant to 28 U.S.C. § 2361, from instituting or prosecuting any action against plaintiff, in any court, Federal or State, for the recovery of the life insurance proceeds under the Policy or any part thereof;

   c. That this Court order that plaintiff be released and discharged from any further liability under the Policy relative to the death of Leonard May;

   d. That plaintiff be dismissed from this action;

   e. That plaintiff recover its attorneys' fees, expenses and costs incurred in bringing this action; and

   f. Such other and further relief as the Court deems appropriate.

130100066v1 0923153 51096

Respectfully submitted,

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, Plaintiff

By: _____

Gene Williams   Ark. Bar No. 85170
Kilpatrick, Williams, Smith & Meeks, L.L.P.
500 Broadway Street
Little Rock, AR 72201-3343
501-372-0401
501-372-5277 (fax)
gene@kawlaw.net

Motion for *pro hac vice* admission to be filed:
Daniel K. Ryan
(Illinois ARDC # 6196616)
Peter E. Pederson
(Illinois ARDC # 6270416)
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 (fax)
dryan@hinshawlaw.com
ppederson@hinshaawlaw.com